# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROAL ENIX, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-15-876-D |
| | ) |
| SHERIFF OF KAY COUNTY, OKLAHOMA, | ) |
| | ) |
|     Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Roal Enix, a state pretrial detainee appearing pro se, has filed documents in this federal Court that, liberally construed, petition the Court for a writ of habeas corpus under 28 U.S.C. § 2241. United States District Judge Timothy D. DeGiusti has referred this matter to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. For the reasons that follow, the undersigned recommends that the action be dismissed without prejudice.

### I. Background

On August 12, 2015, Mr. Enix filed four pages of documents—consisting of a narrative titled "Roal Enix's Kidnapping Story," an "Artist Statement," and a two-page letter—that, liberally construed, challenge Mr. Enix's prolonged pretrial detention at the Kay County Detention Center in Newkirk, Oklahoma. *See* Pet. (Doc. No. 1) at 1; Pet. Ex. 1 (Doc. No. 1-1) at 1; Pet. Ex. 2 (Doc. 1-2) at 1-2;[1] 28 U.S.C. § 2241(c)(3). Although much of the submission is unintelligible, Mr. Enix states that he was arrested on June 5,

---
[1] Page numbers refer to CM/ECF pagination.

2013; describes certain events surrounding that arrest; and asserts that his continued detention while awaiting trial violates his Sixth Amendment right to a speedy trial. *See* Pet. at 1; Pet. Ex. 1 at 1; Pet. Ex. 2 at 1-2.[2]

Liberally construing this submission as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, the Court on August 14, 2015, found that: (1) Mr. Enix had failed to pay the $5.00 filing fee for a petition for writ of habeas corpus or to file an application to proceed *in forma pauperis*; and (2) Mr. Enix's narrative submission was deficient in that he did not use the Court's form petition for a writ of habeas corpus or furnish the equivalent information required by that form. *See* Order to Cure Deficiency (Doc. No. 4) at 1-2. The Court stated:

> If Mr. Enix did **not** intend to initiate a federal habeas action, or now has chosen not to do so, he is ordered to advise the Court of that fact. If Mr. Enix **does** intend to initiate a federal habeas action, he is ordered to, no later than **September 3, 2015**, file an amended petition in accordance with the [Order's] instructions, **and** either (1) pay the $5.00 filing fee, or (2) file an application seeking leave to proceed *in forma pauperis*. *See* LCvR 3.2, 3.3. Failure to comply with this Order may result in the dismissal of this action.

Order to Cure Deficiency at 2-3. As directed in the Order, the Court Clerk sent a copy of the Order, the Court's Local Civil Rules, an *in forma pauperis* application form, and a § 2241 petition form to Mr. Enix at his address of record. *See* ECF Staff Note, Aug. 14, 2015.

---

[2] Publicly available records of a Kay County, Oklahoma, criminal case, in which Mr. Enix was charged with kidnapping on June 14, 2013, indicate that on March 18, 2014, and again on July 20, 2015, the case was stayed pending resolution of applications filed by Mr. Enix's counsel for determination of Mr. Enix's competency. *See State v. Enix*, No. CF-2013-376 (Kay Cnty. Dist. Ct. filed June 14, 2013), http://www1.odcr.com/detail?court=036N&casekey=036NCF++1300376.

On September 4, 2015, the Court received a five-page response from Mr. Enix, which again is only partially intelligible and duplicates two pages from Mr. Enix's original submission. *See* Pet'r's Resp. (Doc. No. 5) at 1-5. Although Mr. Enix confirmed his intent to initiate a federal habeas action, *see id.* at 1, he did not use the § 2241 petition form sent to him or otherwise provide the substantive information needed to present such a petition, as required by this Court's Order and Local Civil Rule 9.2(a). Nor did he sign his submission under penalty of perjury, as required by 28 U.S.C. § 2242. The Court received equally deficient letters from Mr. Enix on September 23, 2015 (Doc. No. 6), and October 16, 2015 (Doc. No. 7).

Further, although in his response and subsequent letters Mr. Enix makes passing reference to his lack of funds (*see*, *e.g.*, Pet'r's Resp. at 2 ("I passed my slim savings are gone as well in necessities.")), he has not paid the $5.00 filing fee or submitted an application to proceed *in forma pauperis,* as required by this Court's Order, 28 U.S.C. §§ 1914 and 1915, and Local Civil Rules 3.2, 3.3, and 3.5.

## II. Discussion

The Court has expressly warned Mr. Enix that his failure to submit an amended habeas petition complying with applicable statutes and rules, or to pay the required $5.00 filing fee or file an application for leave to proceed *in forma pauperis*, may result in his petition being dismissed. *See* Order to Cure Deficiency at 2-3. Mr. Enix's failure to comply with that Order, together with the Court's need to manage and control its caseload, warrant a dismissal of this action without prejudice to refiling. *See Brandenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980) (affirming dismissal of

habeas/civil rights pleading for pro se litigant's failure to follow local rules).  *See generally* R. 2(c), (d), R. Governing § 2254 Cases in U.S. Dist. Cts. (prescribing that § 2254 habeas petition must specify the facts and grounds for relief; "be printed, typewritten, or legibly handwritten"; and "substantially follow" the required form), *id.* R. 1(b) (providing that district courts may apply § 2254 rules to non-§ 2254 habeas petitions).

Because Mr. Enix has failed to either pay the filing fee for a habeas action or submit the information required to apply for leave to proceed *in forma pauperis*, his case may not proceed and the Court should dismiss the petition without prejudice.  *See* 28 U.S.C. §§ 1914, 1915; LCvR 3.2, 3.3, 3.5; *see also* R. 3(a), R. Governing § 2254 Cases in U.S. Dist. Cts. (directing that § 2254 habeas petition be accompanied by the filing fee or an *in forma pauperis* application).  Further, because Mr. Enix's submissions do not provide the information required to initiate and prosecute a habeas petition, the Court should dismiss the case without prejudice.  *See Soeken v. Estep*, 270 F. App'x 734, 735-36 (10th Cir. 2008) (upholding dismissal of § 2254 petition without prejudice for failure to comply with court orders and to cure deficiencies of petition and *in forma pauperis* application); *Maunz v. Denver Dist. Ct.*, 160 F. App'x 719, 721 (10th Cir. 2005) (same).

### III. Recommendation

For the reasons set forth above, the undersigned recommends dismissal of this action without prejudice to refiling.  The Court Clerk is directed to send a copy of this Report and Recommendation to Mr. Enix at his address of record.

Mr. Enix is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 10, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Mr. Enix is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 20th day of October, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE